IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      -v-

                                  12-CR-6171

MARACLE INDUSTRIAL FINISHING
COMPANY, INC.,

         Defendant.

## PLEA AGREEMENT

The defendant, MARACLE INDUSTRIAL FINISHING COMPANY, INC., and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to Count 1 of the Indictment charging a violation of Title 33, United States Code, Section 1319(c)(2)(A) (violating the Clean Water Act) for which the maximum possible sentence is a fine of $500,000, a mandatory $400 special assessment, and a term of probation of not less than one nor more than five years.



COURT'S EXHIBIT 1

## II. ELEMENTS OF THE CRIME AND FACTUAL BASIS

2. The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

- a. That the defendant corporation owned or operated a Point Source;
- b. The defendant corporation violated an approved local pretreatment program; and
- c. The defendant company acted knowingly.

### FACTUAL BASIS

3. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

- a. The defendant, MARACLE INDUSTRIAL FINISHING COMPANY, INC, operated a Point Source located at ~~33~~ Commercial Street, Webster, New York, within the Western District of New York.
- b. During all times relevant, MARACLE INDUSTRIAL FINISHING COMPANY, INC, was operating under an approved local pretreatment program Zero Discharge Permit. This permit prohibited the defendant from discharging any process wastewater.
- c. Between December 1, 2011 and March 23, 2012, the defendant knowingly discharged, or caused to be discharged, process wastewater and pollutants in violation of its Zero Discharge Permit.

2

III.   SENTENCING GUIDELINES

4.   The government and the defendant agree that the sentence will be calculated in accordance with Chapter 8 of the Sentencing Guidelines Manual, specifically Chapter 8, Part C, thereof, which pertains to the Sentencing of Organizations.

5.   The government and the defendant agree that, pursuant to Guidelines § 8C2.2(b), a determination of the guideline fine range is unnecessary because it is readily ascertainable through a preliminary determination of the minimum guideline fine range that the defendant cannot and is not likely to become able to pay such minimum guideline fine.

6.   The government and the defendant agree that, pursuant to Guidelines § 8C3.3(b), the Court shall impose a fine below that otherwise required by Guidelines §§ 8C2.7 and 8C2.9.

GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

7.   It is the understanding of the government and the defendant that the defendant's sentencing range would include a period of probation of 1 to 5 years.  The government and the defendant further agree that, pursuant to Guidelines § 8C3.3(b),

3

the Court at the time of sentence impose a fine of $10,000 as part of the appropriate sentence in this case. Notwithstanding this, the defendant understands that the defendant at sentencing is subject to the maximum penalties set forth in paragraph 1 of this agreement.

8. Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose a fine of $10,000 (ten thousand dollars) and a 3 year period of probation as part of the appropriate sentence in this case. Further, the parties agree that, as a condition of probation, Thomas Maracle, as President of Maracle Industrial Finishing, or any successor as President, will annually review the Company's compliance program and certify to a probation officer that the Company is in compliance with all requirements of the Clean Water Act. If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty. This agreement does not affect the length and conditions of a term of probation that may be imposed by the Court at sentencing.

## IV. STATUTE OF LIMITATIONS

9. In the event the defendant's plea of guilty is withdrawn, or its conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant, through its representatives, agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to violations of the Clean Water Act which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

10. The defendant understands that the government has reserved the right to:

    a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge;

5

    b.    respond at sentencing to any statements made on the defendant's behalf that are inconsistent with the information and evidence available to the government;

    c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and fine and the method of payment; and

    d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor.

11. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.  APPEAL RIGHTS

12. The defendant, through its representatives, understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which is consistent with the terms set forth in Section III, ¶ 7, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

13. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

14. The government waives its right to appeal any component of a sentence imposed by the Court which is consistent with the sentence set forth in Section III, ¶ 7, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII. COOPERATION

15. As part of this agreement, Thomas Maracle, individually and as President of Maracle Industrial Finishing, Inc., will cooperate with the government by providing complete and truthful information regarding his and the defendant's knowledge of any and all activity related to violations of the Clean Water Act which are the subject of the Indictment in this action. This cooperation shall include submitting to interviews by government attorneys and

agents, as well as testifying truthfully and completely before grand juries and at such pre-trial and trial proceedings as the government shall deem necessary.

16. The defendant understands that, notwithstanding Thomas Maracle's obligation to cooperate with the government as set forth in this agreement, the government will not file a motion pursuant to Guidelines § 8C4.1 for a downward departure from the defendant's sentencing range or pursuant to Rule 35(b) for a reduction of the defendant's sentence.

## VII. TOTAL AGREEMENT AND AFFIRMATIONS

17. This plea agreement represents the total agreement between the defendant and the government. There are no promises made by anyone other than those contained in or referenced in this agreement.

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY: _____
CRAIG R. GESTRING
Assistant U.S. Attorney

Dated: June 3, 2013

## ACKNOWLEDGMENT

The corporate defendant, MARACLE INDUSTRIAL FINISHING COMPANY, INC., by its attorney, Jerry Solomon, Esq. and by a vote of the Board of Directors, a copy of which resolution is attached hereto and marked Exhibit A, hereby agrees to all the terms of this agreement. Furthermore, the defendant, MARACLE INDUSTRIAL FINISHING COMPANY, INC., acknowledges that all the terms of this agreement, which consists of 9 pages, have been explained to the Board of Directors. The corporation has had a full opportunity to discuss this agreement with its attorney, Jerry Solomon, Esq. The corporation states that it represents the total agreement reached between itself and the government. No promises or representations have been made to the corporation or any representative of the corporation other than what is contained in this agreement. The corporation fully agrees with the contents of this agreement. The corporation is signing this agreement voluntarily.

_____  _____
MARACLE INDUSTRIAL FINISHING   JERRY SOLOMON, ESQ.
COMPANY, INC.                   Attorney for Defendant
BY: Thomas Maracle, President
Defendant

Dated: June __3__, 2013          Dated: June __3rd__, 2013

# EXHIBIT A

# UNANIMOUS WRITTEN CONSENT
# OF
# THE SOLE MEMBER OF THE BOARD OF DIRECTORS
# OF
# MARACLE INDUSTRIAL FINISHING COMPANY, INC.

This unanimous Written Consent (the "**Consent**"), of Maracle Industrial Finishing Company, Inc. (the "**Company**"), is made and entered into as of this 3rd day of June, 2013, pursuant to the provisions of Section 708(b) of the New York State Business Corporation Law, by Thomas J. Maracle, the sole Shareholder, the sole Director, and the President of the Company.

**WHEREAS**: the Company has been named as a Defendant in a certain Criminal Litigation in the United States District Court for the Western District of New York entitled UNITED STATES OF AMERICA, -v- MARACLE INDUSTRIAL FINISHING COMPANY, INC., Defendant, Case No 12-CR-6171 (the "**Litigation**"); and

**WHEREAS**: as a result of Discussions between Assistant United States Attorney, CRAIG R. GESTRING, Esq., the attorney for the United States of America, and Jerry M. Solomon, Esq., the attorney for the Defendant, the Company, as a result of which a Plea Agreement (the "**Plea Agreement**") has been reached which is intended to resolve the Litigation without a need to proceed to a trial; and

**WHEREAS**: the Plea Agreement provides, in part, that the Company will plead Guilty to a violation of Title 33, United States Code, Section 1319(c)(2)(A), the United States and the Company have agreed, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court, at the time at the time of sentence impose a fine of $10,000.00 (ten thousand dollars) and a three (3) year period of probation as part of the appropriate sentence; and

**WHEREAS**: The Plea Agreement further provides that Thomas J. Maracle, as the President of the Company, or any successor as President, will annually review the Company's compliance program and certify to a probation officer that the Company is in compliance with all requirements of the Clean Water Act; and

**WHEREAS**: The Board has determined that it is in the best interests of the Company to execute the Plea Agreement and to comply with the terms of the Plea Agreement;

**NOW, THEREFORE**, the following Resolution is hereby unanimously adopted, ratified and approved by the Board of Directors of the Company, of which Thomas J. Maracle is the sole member of the Board of Directors (the "**Board**"), as follows:

RESOLVED: (1) that the Board acknowledges that the entire Plea Agreement has been explained to the Board by the Company's attorney, Jerry M. Solomon, Esq.; that the Board had an opportunity to discuss the Plea Agreement with Mr. Solomon, and did discuss the Plea

1

7196710.3

Agreement with Mr. Solomon; and that the Board hereby adopts the Plea Agreement, in the form annexed to this Consent, and the Board agrees to all terms of the Plea Agreement; and

(2) that the Board acknowledges that no promises or representations have been made to the Company other than what is contained in the Plea Agreement, and the Company fully agrees with the contents of the Plea Agreement; and

(3) that the Board authorizes Thomas J. Maracle, as the President of the Company, to execute and deliver the Plea Agreement, and that such signing of the Plea Agreement is done voluntarily; and

(4) that, in the event that Thomas J. Maracle is unavailable to appear in person at the Plea Hearing, or the Sentencing, because of health issues, then the Company's attorney, Jerry M. Solomon, Esq., is authorized and directed to enter a Plea of Guilty on behalf of the Company at the Plea Hearing, and to further represent the Company, and to take all such actions in accordance with the Plea Agreement, and in the best interests of the Company, as Jerry L. Solomon Esq. deems to be necessary or appropriate on behalf of the Company at the Sentencing or otherwise.

**IN WITNESS WHEREOF**, this Consent has been signed as of the date set forth above by Thomas J. Maracle, the sole member of the Board, and that such signature constitutes the action of the Board

*/s/ Thomas J. Maracle*
THOMAS J. MARACLE
Sole Director and President